# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 4, 2013

Lyle W. Cayce
Clerk

No. 12-20153
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALBERTO MERINO CRUZ, also known as Alberto Merino, also known as Alberto Merino-Cruz, also known as Alberto Cruz Merino,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-671-1

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Alberto Merino Cruz pleaded guilty to being found illegally present in the United States after deportation. With an advisory Guideline-sentencing range of 57 to 71 months' imprisonment, Defendant received credit for a month spent in immigration custody and was sentenced to an additional 56 months. Contesting that sentence as substantively unreasonable, Defendant contends the district court erred in balancing the 18 U.S.C. § 3553(a) sentencing factors.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20153

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). Defendant does not claim procedural error. As noted, he contests only the reasonableness of his within-Guidelines sentence.

Regarding that issue, Defendant asserts the court failed to account for factors that should have received significant weight, including his self rehabilitation and age at the time of most of his prior convictions; and, it weighted too heavily other factors, including the nature of those convictions and the corresponding, advisory Guidelines sentencing range. The court's statements at sentencing, however, focused on Defendant's repeated deportations and long-term illegal presence in the United States. These statements implicate several § 3553(a) factors, including Defendant's criminal history and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence. 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(B).

A properly calculated, within-Guidelines sentence is presumptively reasonable, *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006), and "the sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant", *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). For the reasons discussed above, Defendant's contention fails.

AFFIRMED.